Filed 7/16/13  Marriage of Svendsen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of ERIC I. and ANN C. SVENDSEN. | |
| | D062664 |
| ERIC I. SVENDSEN, | |
| Respondent, | (Super. Ct. No. D520079) |
| v. | |
| ANN C. SVENDSEN, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Susan D. Huguenor, Judge.  Appeal dismissed.

Sergio W. Stevens for Appellant.

Eric I. Svendsen, in pro. per., for Respondent.

In this marital dissolution action, the court ordered temporary custody of the parties' two minor children, Emily, who was 15 at the time of the hearing, and Lukas, who was 10 at the time of the hearing, to their father, Eric Svendsen, with an 82 percent

visitation share to father. The court also made orders for spousal support and child support.

Ann C. Svendsen appeals that ruling, asserting the court erred in accepting the recommendation of Family Court Services as to custody because it was based upon a "lack of evidence" and "misinterpreted evidence." Eric contends the temporary custody order is not an appealable order.

For reasons we shall explain, we dismiss this appeal because an interim custody determination is not an appealable order.

FACTUAL AND PROCEDURAL BACKGROUND

Because we are dismissing this appeal as being from a nonappealable order, we discuss the underlying facts only briefly.

It was alleged in this case that Ann had a history of potentially abusive behavior towards the children and demonstrated negative parenting behaviors. Family Court Services recommended the change in temporary custody from a 50 percent shared custody to legal custody being placed with Eric. The court adopted that recommendation. At the hearing wherein the court made the temporary custody order and resolved other issues, the court asked counsel for Ann whether the court should consider child support and attorney fees at that time. Counsel for Ann indicated that he did not want those issues addressed at that time. The court then asked, "[W]hat is there yet to do before we can fully resolve this matter?" Counsel for Ann indicated that the parties were engaged in settlement negotiations regarding separate property and requested that another hearing be set for "90 days out." The court then set a settlement conference for December 2012.

2

As part of that order the court also directed that Ann pay Eric $219 per month in child support.

DISCUSSION

As the Court of Appeal stated in *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559-560 (*Lester*), "A temporary custody order is interlocutory by definition, since it is made pendente lite with the intent that it will be superseded by an award of custody after trial. [Citations.] Code of Civil Procedure section 904.1 bars appeals from interlocutory judgments or orders 'other than as provided in paragraphs (8), (9), and 11. . . .' [Citation.] Temporary custody orders are not listed in any of those paragraphs. Therefore, this statute bars the appealability of such orders." (Fn. omitted.)

In her statement of appealability, however, Ann asserts that because the temporary custody order also determined child support, it is appealable as a "collateral order." This contention is unavailing.

"One exception to the 'one final judgment' rule codified in Code of Civil Procedure section 904.1 is the so-called collateral order doctrine. Where the trial court's ruling on a collateral issue 'is substantially the same as a final judgment in an independent proceeding' [citation], in that it leaves the court no further action to take on 'a matter which . . . is severable from the general subject of the litigation' [citation], an appeal will lie from that collateral order even though other matters in the case remain to be determined. [Citation.] . . . [¶] In determining whether an order is collateral, 'the test is whether an order is "important and essential to the correct determination of the main

3

issue."  If the order is "a necessary step to that end," it is not collateral.' " (*Lester, supra,* 84 Cal.App.4th at p. 561.)

Here, the temporary custody order directs the payment of money and is dispositive of the parties' rights concerning child support.  But the question then arises, is child support a collateral issue?  We conclude that it is not.

Because the temporary custody did not finally resolve any matter "severable from the general subject of the litigation," it is not appealable.  (*In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 735.)  A temporary custody order contemplates further review and a possible change in custody given a change in circumstances.  Indeed, in this case temporary legal custody was originally 50 percent each and then changed to 100 percent in favor of Eric.

Moreover, the child support order was "important and essential" to the issue of custody because it determined the amount of money Ann was to pay Eric for the care of the children given his 82 percent visitation time.  Thus, the temporary custody order is not a "collateral order" on this basis as well and is not appealable.

Finally, as the Court of Appeal discussed in *Lester, supra,* 84 Cal.App.4th 536, temporary custody orders are not appealable on grounds of policy:  "The very nature of such orders compels the swiftest possible review of any challenge.  The writ process, not the appeal process, is the way to get that review.  [¶] In most custody dispute cases, young children bond with their primary custodial parents.  The trial court must place the child's best interest first in any long-term custody decision.  [Citations.]  Thus, the child's bond with the primary custodial parent will often weigh heavily in the court's mind.

4

Once the bond is established, the court is likely to find that the child's best interest requires preserving that bond to maintain stability in the child's life. [¶] A noncustodial parent who seeks to obtain custody will often be at a disadvantage by the time of trial if the child has bonded with the custodial parent. The noncustodial parent's only effective recourse is to obtain immediate review of any objectionable temporary custody order. This can be done by filing a petition for writ, a procedure [appellant] failed to use in this case. It cannot be done by filing an appeal which will sit in abeyance while the case works its way to trial and decision—and while the bond between child and custodial parent strengthens and deepens." (*Id.* at p. 565.)[1]

DISPOSITION

The appeal is dismissed.

NARES, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.

---

[1]    We note that Ann has not filed a reply brief responding to Eric's contention that the temporary custody order is not an appealable order. By not doing so, we conclude that she has conceded the merits of Eric's position.

5